UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EVANS EMONS STROMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 23-cv-11557-LTS |
| BRISTOL COUNTY DISTRICT ATTORNEY'S OFFICE, et al., | ) ) ) | |
| Defendants | ) ) | |

ORDER

September 11, 2023

SOROKIN, D.J.

Evans Emons Stroman, who is confined at the Bristol County Jail and House of Correction, has filed a 196-page long complaint against 68 defendants concerning alleged events occurring as early as 1998 through the present. With his complaint, he filed 420 pages of documents in support of claims. He has subsequently filed over 300 additional pages of documents allegedly relevant to his complaint. Stroman has also filed a motion for leave to proceed *in forma pauperis*. For the reasons stated below, the Court will grant the *in forma pauperis* motion and order Stroman to file an amended complaint.

I.  **Motion for Leave to Proceed *in Forma Pauperis***

Upon review of Stroman's motion for leave to proceed *in forma pauperis*, the Court concludes that Stroman is unable to prepay the filing fee. Accordingly, the Court GRANTS the motion. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $1.06. The remainder of the $350 statutory filing fee, $348.94, shall be collected in accordance

with 28 U.S.C. § 1915(b)(2).  The clerk shall send a copy of this order to the treasurer of the institution having custody of Stroman.

## II.     Review of the Complaint

Federal law authorizes a federal district court to dismiss an *in forma pauperis* complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Similarly, complaint filed by prisoners (including pretrial detainees) against governmental entities or employees are subject to an initial review.  *See* 28 U.S.C. § 1915A.  In conducting this review, the Court liberally construes Stroman's complaint because he is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### A.     Complaint Does Not Contain and "Short and Plain Statement of the Claim"

To state a claim upon which relief may be granted, a complaint must contain a "*short* and *plain statement* of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (emphasis added).  The statement should be plain because the principal functions of pleadings under the Federal Rules are to (1) give defendants fair notice of the basis for the claims against them so that they may respond, *see Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013), and (2) allow the Court to determine whether the complaint contains sufficient factual allegations, which, treated as true, allow the Court to reasonably infer that the plaintiff is entitled to relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Stroman's lengthy complaint provides neither a short nor plain statement of his claim.  Given the pleading's length, it is essentially impossible to discern whether Stroman's allegations could form the basis of a viable pleading.  *See Miranda v. United States*, 105 Fed. App'x 280, 281 (1st Cir. 2004) ("Unnecessary prolixity in a pleading places an unjustified burden on the

court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 522 (2d ed. 1990))); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.")

  **B.**  **Claims Based on Intact Criminal Conviction**

To the extent that the Court can discern Stroman's claims, it appears that some fail to state a claim upon which relief could be granted because they implicitly or explicitly challenge the validity of an intact conviction. Where a litigant seeks damages for "for allegedly unconstitutional conviction or imprisonment," the litigant "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87) (1994). This rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

  **C.**  **Immunity of Certain Defendants**

Further, it appears that named defendants who are judges, court clerks, or prosecutors all have immunity from damages for their alleged misconduct. Judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Acres Bonusing, Inc. v.*

*Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis v. U.S. Bankr. Ct. for Dist of Nev.*, 838 F.2d 1385, 1390) (9th Cir. 1987)).  "Prosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

### D.  Eleventh Amendment Immunity

Stroman's list of defendants includes state agencies such as the Bristol County District Attorney's Office, the Bristol County Sheriff's Office, and the New Bedford District Court. Subject to some exceptions not relevant here, as arms of the state, they enjoy immunity from suit in federal court under the Eleventh Amendment of the United States Constitution.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007); *Miller v. City of Boston*, 297 F. Supp. 2d 361, 368-69 (D. Mass. 2003) (office of the district attorney entitled to Eleventh Amendment immunity); *Whalen v. Massachusetts Trial Ct.*, 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity).

### E.  Statutes of Limitations

The list of defendants contains many medical care and legal service providers.  In Massachusetts, the statute of limitations for claims of medical and legal malpractice is three years.  *See* M.G.L. ch. 260, § 4.  Similarly, in Massachusetts, claims under 42 U.S.C. § 1983 "borrow" Massachusetts' three-year statute of limitations for personal injury.  *See Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001).  Based on the Court's perusal of the complaint, it appears that some of Stroman's claims are time-barred.

### F. Improper Joinder of Claims and Parties

Moreover, Stroman's bloated and sprawling complaint runs afoul of rules limiting multiple claims against multiple defendants. Where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). In other words, "[w]here a plaintiff brings claims against more than one defendant in a single lawsuit, plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1655 (3d ed.).

## III. Filing of an Amended Complaint

If Stroman wishes to pursue this action, he must file an amended complaint that contains a short and plain statement of his claim, identifies the alleged misconduct of each defendant, and contains enough factual material from which the Court can reasonably infer that each defendant is liable to him.

As an amended complaint completely supersedes the original complaint, *see Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (1st Cir. 2007), Stroman should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative pleading. The Court will review the sufficiency of any amended complaint without reference to the original complaint or exhibits to the original complaint.

The amended complaint must be consistent with the above-explained law concerning the bar to claims based on an intact criminal conviction; immunity of judges, court clerks, and prosecutors; Eleventh Amendment immunity of state agencies and departments; three-year

limitations period of claims for legal malpractice, medical malpractice, and claims under 42 U.S.C. § 1983; and the improper joinder of parties.

The amended complaint may not exceed 30 pages of typed, double-spaced text in 12-point font. Exhibits are not necessary; if filed, they may not exceed 10 pages. The Court will strike any amended complaint that does not comply with these page limits.

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### IV.   Conclusion

Accordingly, for the reasons set forth above, the Court herby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $1.06. The remainder of the $350 statutory filing fee, $348.94, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. If Stroman wishes to pursue this action, he must, within 35 days, file an amended complaint that complies with the requirements set forth above. Failure to do so may result in dismissal of this action.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE