UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EVANS EMONS STROMAN,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL COUNTY DISTRICT<br>ATTORNEY'S OFFICE, et al.,<br><br>Defendants | Civil Action No. 23-cv-11557-LTS |

MEMORANDUM AND ORDER

November 15, 2023

SOROKIN, D.J.

For the reasons stated below, the Court orders that this action be DISMISSED.

## I.     Background

### A.     Court's Review of the Original Complaint

On July 7, 2023, Evans Emons Stroman, who is confined at the Bristol County Jail and House of Correction, filed a 196-page long complaint against 68 defendants concerning alleged events occurring as early as 1998 through the present. With his complaint, he filed 420 pages of documents in support of his claims. Within the following month he filed over 300 additional pages of documents allegedly relevant to his complaint. He also filed a motion for leave to proceed *in forma pauperis*.

In an order dated September 11, 2023 (Docket No. 15), the Court granted Stroman's motion for leave to proceed *in forma pauperis*, and, based on information from Stroman's prison account statement, assessed an initial partial filing fee of $1.06. Upon conducting a preliminary

1

review of Stroman's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court ordered Stroman to file an amended complaint. The Court found that Stroman's complaint did not contain a "short and plain statement of [his] claim" Fed. R. Civ. P. 8(a), making it "essentially impossible to discern whether Stroman's allegation could form the basis of a viable pleading," (Docket No. 15 at 2).

The Court also stated that, to the extent the Court could discern claims, it appeared that some of them failed because, *inter alia* (1) a litigant cannot seek damages for an unconstitutional conviction unless the conviction has been overturned in some way, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); (2) judges have immunity for acts committed within their judicial jurisdiction, *see Pierson v. Ray*, 386 U.S. 547, 554 (1967); (3) prosecutors and their clerks have quasi-judicial immunity; (4) "[p]rosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); (5) state agencies such as the Bristol County District Attorney's Office, the Bristol County Sheriff's Office, and the New Bedford District Court have Eleventh Amendment immunity, *Miller v. City of Boston*, 297 F. Supp. 2d 361, 368-69 (D. Mass. 2003) (office of the district attorney entitled to Eleventh Amendment immunity); *Whalen v. Massachusetts Trial Ct.*, 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity). (Docket No. 15 at 2-4). The Court also noted that the statute of limitations for medical and legal malpractice and for claims under 42 U.S.C. § 1983 is three years. *Id.*

In addition, the Court found that Stroman's complaint ran afoul of Rule 20 of the Federal Rules of Civil Procedure, which concerns the joinder of defendants into a single action.

The Court allowed Stroman to file an amended complaint within 35 days, but required that the amended complaint be "consistent with the above-explained law concerning the bar to claims based on an intact criminal conviction; immunity of judges, court clerks, and prosecutors; Eleventh Amendment immunity of state agencies and departments; three-year limitations period of claims for legal malpractice, medical malpractice, and claims under 42 U.S.C. § 1983; and the improper joinder of parties." *Id.* at 5-6. In its conclusion the Court ordered: "If Stroman wishes to pursue this action, he must, within 35 days, file an amended complaint that complies with the requirements set forth above. Failure to do so may result in dismissal of this action." *Id.* at 6.

### B.     Filing of a Notice of Appeal

On September 26, 2023, Stroman filed a Notice of Appeal, stating therein that he is appealing the Court's September 11, 2023 order (Docket No. 9). He identifies the issues on appeal as follows:

> Order of Partial Filing Fees and full Payment of Filing Fees, as the plaintiff, remains indigent with an Account Balance of .53 cents for a period of 7 months. Appeal the length of Complaint, modification Order as 68+ defendants requires a substantial account of Fact and Evidence. All portions of Immunity Order, Statute of Limitations, and oddly an alleged Improper Joinder of Claims and Parties, as all Parties arise out of essentially the same Subject-Matter. Appeal to Order to Amend Complaint, due to the amount of defendants and Facts are concise, clear, as well as the evidence thereto . . . .

*Id.* at 1-2.

### C.     Pending Motions

On October 16, 2023, Stroman filed a motion to "transfer the State Claim of Medical Malpractice, to the Attorney Gen. Office and a Medical Tribunal." (Docket No. 25). He has also moved to be brought into Court to seek "clarification and understanding" of the Court's September 11, 2023 order, (Docket No. 27), and he seeks appointment of counsel, (Docket No. 28).

On November 9, 2023, Stroman filed an emergency motion for the Court to issue "an Emergency Restraining Order and Injunction, from the defendants Bristol County Criminal Justice System, Courts, Bristol County Sheriff's Office . . . All Superior Court Judges . . . and others [from] taking any further action in Criminal Case: Commonwealth V. Evans Stroman, Docket Number: 1973CR00392."  (Docket No. 31).

D. **Amended Complaint**

On October 26, 2023, Stroman filed a 40-page typed amended complaint.  (Docket No. 30).  The amended complaint does not contain a recitation of the parties, and Stroman states in the amended complaint that he "reiterates the Pleadings in the Original Complaint . . . are true, correct, clear, concise, and very articulate Statement of Facts."  Amend. Compl. ¶ 6.  The amended complaint concerns alleged events surrounding Stroman's conviction related to the death of Orzon Rubio and a present criminal prosecution against Stroman in Bristol Superior Court.  Stroman alleges that Rubio is in fact alive, after having "faked his Death May 23, 1998" and that Rubio "is currently an inmate in Bristol County-House of Corrections" under an alias.  *Id.* ¶ 5.  Stroman states that the defendants "immediately planned [his] arrest for discovering Orzon Rubio is Santos Sanchez aka Goro."  *Id.* ¶ 17.  Stroman claims that Rubio, judges, clerks, prosecutors, and law enforcement have conspired against him throughout both prosecutions.  Stroman also claims that private and public medical providers were part of this conspiracy and tried to kill him by administering lethal substances.

II. **Discussion**

A. **Jurisdiction**

In general, "the filing of a notice of appeal divests the district court of jurisdiction over matters related to the appeal."  *Acevedo-Barcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir.

4

2004).  However, "the district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)."  *Rivera-Torres v. Ortiz Velez,* 341 F.3d 86, 96 (1st Cir. 2003) (quoting *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998)).

In this case, there is no question that Stroman's notice of appeal is patently defective.  The September 11, 2023 order was not a final judgment, *see* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decision of the district courts of the United States."[1]), and the order was not otherwise immediately appealable.[2]  The Court therefore retains complete jurisdiction over the action.

### B.    Failure to State a Claim for Relief

The amended complaint is an improvement on the original complaint, in that the Court can better discern Stroman theories of liability.  However, it does not set forth a claim upon which relief may be granted.  Stroman's extraordinary allegations of a conspiracy between numerous parties whose misconduct was orchestrated by a person presumed to be dead are conclusory and not supported by sufficient specific factual allegations.  Further, contrary to the Court's instructions, Stroman included in his amended complaint claims against judges and state

---

[1] "The statute actually uses the term 'final decision,' but a final decision is equivalent to a final 'judgment.'" *Diaz-Reyes v. Fuentes-Ortiz*, 471 F.3d 299, 300 n.3 (1st Cir. 2006).

[2] Under the so-called "collateral order doctrine," an interlocutory order may be appealed immediately if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Asociación de Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 479 F.3d 63, 75 (1st Cir. 2007)  (quoting *Espinal-Dominguez v. Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003)).  Certain interlocutory orders are also immediately appealable under 28 U.S.C. § 1292(a)-(b).  However, neither the "collateral order doctrine" nor 28 U.S.C. § 1292 is applicable to the September 11, 2023 order.

entities. He contends that "[c]ivil crimes against the Defendants, Bristol County District Attorneys Office, Bristol County Sheriff's Office, new Bedford District Courts, as agents of the Commonwealth . . . enjoy no Immunity from lawsuit in Federal Courts." *Id.* ¶ 11. In addition, notwithstanding the Court's directive that the amended complaint be "consistent with the . . . law concerning the bar to claims based on an intact criminal conviction," the premise of Stroman's lawsuit is that he was wrongfully convicted of the death of Orzon Rubio and he does not represent that the conviction has been invalidated.

### C. Jurisdiction

There are also jurisdictional bars to the Court adjudicating any claims concerning the pending criminal proceedings against Stroman. Under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).

Further, the Court is without jurisdiction to enjoin "any further action in Criminal Case: Commonwealth v. Evans Stroman, Docket Number: 1973CR00392." (Docket No. 31). The the federal Anti-Injunction Act, 28 U.S.C. § 28 U.S.C. 2283, prohibits the Court from providing the injunctive relief Stroman seeks. This statute provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.[3]

---

[3] There are three exceptions to the Anti-Injunction Act: "when [the injunction is] expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect of effectuate the court's judgment." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).

The Anti-Injunction Act's "core message is one of respect for state courts," and it "commands that those tribunals 'shall remain free from interference by federal courts.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Atlantic Coast Line R. Co. v. Locomotive Eng'rs,* 398 U.S. 281, 282 (1970)).

### III. Conclusion

Accordingly, the Court hereby orders:

1. This action is DISMISSED for failure to state a claim upon which relief may be granted.

2. All pending motions are DENIED as moot.

SO ORDERED.

          /s/ Leo T. Sorokin  
UNITED STATES DISTRICT JUDGE